Eddie **ESMERALDA**, et al., **Plaintiffs**,

v.

Cary **PARTIN**, **Defendant**.

Civ. A. No. H–94–539.

United States District Court,
S.D. Texas,
Houston Division.

July 7, 1994.

---

4. Liability may also be imposed for a defect on the premises. *Id.*

### ORDER

**NORMAN W. BLACK**, Chief Judge.

Pending before the Court is Defendant's motion to dismiss the above action pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiffs have filed a response and Defendant a reply. After careful consideration of the pleadings and relevant case law, the Court finds that Defendant's motion should be granted.

Plaintiff contends she was sexually assaulted by a fellow student while attending Southmore Intermediate School. Defendant was the principal of the school at that time and Plaintiffs assert he was responsible for her safety and welfare.

Although not specifically mentioned, Plaintiffs' claims fall under 42 U.S.C. § 1983. Public officials are immune under § 1983 for alleged constitutional torts "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Plaintiff has not alleged that she was assaulted by a state actor. The Fourteenth Amendment declares that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." It does not require "a state, or its officials, to protect the life, liberty, and property of persons within its borders against the actions of private actors." *Walton v. Alexander,* 20 F.3d 1350, 1354 (5th Cir.1994). "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due

Process Clause." *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 197, 109 S.Ct. 998, 1004, 103 L.Ed.2d 249 (1989).

Plaintiffs rely on *Jane Doe v. Taylor Independent School District,* 975 F.2d 137 (5th Cir.1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 1066, 122 L.Ed.2d 371 (1993) but that decision has been vacated and replaced with *Doe v. Taylor Independent School District,* 15 F.3d 443 (5th Cir.1994) (*Doe II*). Citing *DeShaney,* the Court declared that "nothing in the Due Process Clause requires the state to protect its citizens' liberty interest against invasions by private actors." *Doe II,* 15 F.3d at 451, n. 3.

In some instances a state official may have a duty to protect a person thus creating a constitutional right to care and safety. However, a "special relationship" must exist. For example, the government has a duty to furnish appropriate medical services to prisoners. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A special duty is also owed to mental patients. *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). No such relationship exists in the case of day students who return home each day even though attendance is required and the school exercises disciplinary control over the students. *See Walton,* 20 F.3d at 1354; *D.R. by L.R. v. Middle Bucks Area Vocational Technical School,* 972 F.2d 1364, 1369–73 (3rd Cir.1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993); *C.M. v. Southeast Delco School District,* 828 F.Supp. 1179, 1186 (E.D.Pa.1993).

In addition, the Texas Education Code, § 21.912 states "no professional employee of any school district within the state shall be personally liable for any act incident to or within the scope of the duties of his position of employment." Plaintiffs' claims are based on the premise that as principal of school, Defendant had a duty to protect her from assault. Government employees with " 'quasi-judicial' duties are immune from personal tort liability for erroneous or negligent conduct as long as they act in good faith and within the scope of their employment." *Albright v. Texas Department of Human Services,* 859 S.W.2d 575, 579 (Tex.App.—Hous-

ton [1st Dist.] 1993, no writ). The only time an employee such as Defendant can be liable is if in exercising his discretion, he uses excessive force when disciplining a student which results in bodily injury. Tex.Ed.Code § 21.912; *see also Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978). There is no allegation that the event upon which this lawsuit is based grew out of a disciplinary action. The Court finds that Plaintiff has failed to state a state law claim upon which relief can be granted.

Based on the above the Court finds that Defendant is immune and Plaintiffs' claims must be DISMISSED. Accordingly, it is

ORDERED that Defendant's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. (entry 6) is GRANTED.

IT IS SO ORDERED.