Rosa F. GARZA, Individually and as Next Friend of Stacy Marie Ruiz, a minor, Plaintiff,

v.

GALENA PARK INDEPENDENT SCHOOL DISTRICT, et al., Defendants.

Civil Action No. H–94–270.

United States District Court, S.D. Texas, Houston Division.

Sept. 1, 1994.

Robert E. Walls, Houston, TX, for plaintiff.

Jeffrey J. Horner, John Benjamin Barlow, Bracewell & Patterson, James Robert Spradlin, Houston, TX, for defendants.

John Benjamin Barlow, Jeffrey J. Horner, Bracewell & Patterson, James Robert Spradlin, Houston, TX, for third-party plaintiffs.

*ORDER*

NORMAN W. BLACK, Chief Judge.

Plaintiff filed this action alleging violations of 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972 and asserting state law claims against Defendants Gant–Barnard Architects and Dr. Hooper. Plaintiff claims that her daughter was subjected to sexual harassment and assault by a male student at the North Shore High School

Satellite Campus. Plaintiff alleges that the Galena Park Independent School District ("GPISD") Defendants knew that the male student was engaging in inappropriate conduct and failed to take proper remedial action. The case is now before the Court on the motion for summary judgment filed by Defendants GPISD, Hooper, Dennis, Purvis and Zotz.

■ Plaintiff's § 1983 claim must fail because there is no constitutional duty to protect school children from the acts of other students. *Dorothy J. v. Little Rock School District,* 7 F.3d 729 (8th Cir.1993); *Maldonado v. Josey,* 975 F.2d 727 (10th Cir.1992), *cert. denied* 507 U.S. 914, 113 S.Ct. 1266, 122 L.Ed.2d 662 (1993); *D.R. v. Middle Bucks Area Vocational Technical School,* 972 F.2d 1364 (3rd Cir.1992), *cert. denied* 506 U.S. 1079, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993); *J.O. v. Alton Community Unit School District 11,* 909 F.2d 267 (7th Cir.1990). This rule is based on the United States Supreme Court's decision in *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), which held that the Due Process Clause is intended to protect people from the State, "not to ensure that the State protects them from each other." The rule has been recognized and adopted by this Court in *Esmeralda v. Partin,* 864 F.Supp. 626 (S.D.Tex. 1994). Plaintiff's reliance on the Fifth Circuit's recent ruling in *Doe v. Taylor Independent School District,* 15 F.3d 443 (5th Cir. 1994) is misplaced because *Doe* relates to alleged sexual molestation of a student by a teacher, not to student-to-student sexual abuse. Plaintiff's argument that there exists a "special relationship" duty has been rejected in the case of "day students who return home each day even though attendance is required and the school exercises disciplinary control over the students." *Esmeralda v. Partin,* 864 F.Supp. at 627.

■ The Title IX claim must be dismissed against the individual defendants because Title IX claims may not be asserted against individuals. *Lipsett v. University of Puerto Rico,* 864 F.2d 881 (1st Cir.1988). Additionally, a student cannot bring a hostile environment claim under Title IX. *Bougher*

*v. University of Pittsburgh,* 713 F.Supp. 139 (W.D.Pa.), *aff'd on other grounds* 882 F.2d 74 (3rd Cir.1989). The only case cited which permits such an action is *Doe v. Petaluma City School District,* 830 F.Supp. 1560 (N.D.Cal.1993), but even the *Petaluma* court requires evidence of intentional gender-based discrimination. Allegations that the school district knew or should have known of the harassment and filed to take appropriate corrective action are insufficient. *Id.* As with the *Doe* decision above, Plaintiff's claim is not supported by the United States Supreme Court decision in *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), which involved sexual harassment by a coach-teacher against a student.

■ Individual defendants sued in their individual capacity are entitled to qualified immunity unless they violated clearly-established statutory or constitutional rights of which a reasonable person knew or should have known at the time of the incident in question. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). As discussed above, no constitutional right was involved in this case and the individual defendants are protected by qualified immunity.

Because the federal claims have been disposed of at this early stage of the proceeding, the state law claims against Gant–Barnard Architects and Dr. Hooper should be remanded for lack of subject matter jurisdiction. This remand is without prejudice to Dr. Hooper's motion for summary judgment on the defamation claim and to any similar motion later filed by Gant–Barnard Architects on the negligence claim. An appropriate final order consistent herewith shall be issued this day.